## Ohio Salt Co. *v.* Carrigan, Appellant.

*Affidavit of defense—Practice, C. P.—Sales—Copy of book entries.*

In an action brought to recover the price of salt sold and delivered, where a copy of the book entries is attached to the statement of claim, and it is averred that the salt was delivered on a date appearing in the book entries, an affidavit of defense is insufficient which merely questions the accuracy of the book entries, denies that the salt was received on the date mentioned in the book entries, and avers that the salt received was of an inferior grade which was sold at a loss, without any averment that at any time the defendant notified the plaintiff of either the shortage, or the inferior quality, or that the defendant inspected the salt, and without any averment at what time and place the salt was sold, or that the price received for·it was the reasonable market price.

Submitted Nov. 1, 1916. Appeal, No. 82, Oct. T., 1916, by defendant, from order of C. P. No. 4, Philadelphia Co., Dec. T., 1915, No. 2487, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Ohio Salt Company, Inc., v. Thomas J. Carrigan, trading as Somers Salt Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for salt sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

AUDENRIED, P. J., filed the following opinion:

This action was brought to recover $175, a balance alleged to be owing by the defendant on the "just, reasonable, usual and customary charges" for sundry shipments of salt delivered to him by the plaintiff.

The defense set up is fourfold, viz: 1st, That "the defendant questions the accuracy" of certain book entries referred to in the statement; 2d, That a portion of the salt charged to the defendant was not delivered to him

on the date under which the charge therefor appears to. have been made; 3d, That the salt delivered was not of the kind "specified," but was of an inferior grade, and unfit for the purposes for which it was bought; in consequence of which the defendant "had to dispose of it in the open market at the most advantageous prices obtainable," except fifty bags which he retains in his warehouse as unsaleable; 4th, That the prices demanded are outrageous and exorbitant.

Had the defendant averred distinctly that the copy of book entries attached to the statement of claim is incorrect, judgment could not be given against him summarily; since the Practice Act requires that every pleading shall have attached to it a copy of any book entries upon which the party pleaded relies for his·claim or defense; and this undoubtedly means a true copy. But to "question the accuracy" of the book entries themselves is something quite different from averring the falsity of their copy, and amounts to nothing as a defense.

The plaintiff's averment that four and a half tons of salt included in its shipment of June 17, 1915, was with the remainder of that shipment, delivered to the defendant and received and accepted by him is not fairly met by the assertion that this portion of the assignment was not delivered to the defendant on June 21, 1915, the date under which he is charged with it. Such a denial is suspiciously evasive. It is quite possible that these four and a half tons of salt came into the defendant's hands on some date other than that which he mentions, and he was bound to meet such a possibility, especially since the statement of claim, referring merely, to the copy of book entries attached to it in which only the date of shipment and the date of charge are mentioned, does not specify the date of delivery. To escape liability for this item on the ground of nondelivery, the defendant should have denied that he ever at any time received it.

If the defendant received the salt shipped him and failed to notify the plaintiff of its defective quality and

272 · OHIO SALT CO. v. CARRIGAN, Appellant.

Opinion of Court below—Assignment of Error. [65 Pa. Superior Ct.

tender its return during the six months that elapsed between the date of its delivery and the time when this action was begun, he cannot now reject it or rescind its purchase. As the matter stands, he might aver a breach of contract with respect to the quality of the salt delivered (See Act of May 4, 1889, P. L. 87) and claim a deduction from its price of the amount of the loss that he has thereby sustained, that being presumptively, the difference between the market value of salt of the quality contracted for and that of the salt actually delivered by the plaintiff, at the time and place of delivery. The affidavit, however, contains no basis for such a defense. It fails to state where the salt received from the plaintiff was delivered. It does not state at what time and place it was sold by the defendant "on the open market at the most advantageous prices obtainable." It should, of course, have been made to appear when, where and to whom the sales referred to were made and that the prices obtained were the reasonable market prices. In this respect the affidavit is fatally defective.

The averment that the prices demanded by the plaintiff for the salt delivered are outrageous and exorbitant and out of all proportion to the customary charges for such goods must be disregarded as mere persiflage. When the price of goods sold and delivered is not fixed by contract or by the course of dealing, between the parties the buyer must pay a reasonable price for them. What that is depends on circumstances. If sued, in such a case, for what the seller alleges is a reasonable price for what he has delivered, the buyer cannot content himself with a mere denial of the accuracy of the statement on this point, but must allege what in his opinion the reasonable price is. Failing to contain such an averment, this affidavit is defective.

The rule for judgment for want of a sufficient affidavit of defense is made absolute.

*Error assigned* was the order of the court.

*R. H. Locke,* for appellant.

*W. P. Davis, Jr.,* for appellee.

OPINION BY ORLADY, P. J., December 18, 1916:

For the reasons given in the opinion of the court below, (AUDENRIED, P. J.) in making absolute the rule for judgment for want of a sufficient affidavit of defense, the judgment is affirmed.

---

# Shapiro *v.* Rosenstein, Appellant.

*Contract—Consideration—Election to the secretaryship of a corporation—Check.*

Where a check is given in consideration that the maker shall be elected secretary of a corporation, the maker cannot resist the collection of the check on the ground that he had not been legally elected secretary of the corporation, where the minutes of the directors of the company show that he was legally elected, and the regularity of his election is accepted in every particular by all parties in interest.

Argued Nov. 1, 1916.    Appeal, No. 187, Oct. T., 1916, by defendant, from judgment of Municipal Court, Philadelphia Co., Feb. T., 1916, No. 215, for plaintiff on case tried by the court without a jury in suit of Harry Shapiro v. Solomon Rosenstein.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Assumpsit on a check.

The case was tried by the court without a jury.

CRANE, J., filed the following opinion:

"The defendant executed and delivered his check for $100 to plaintiff, who, according to the testimony of the plaintiff, corroborated by the receipt given by the defendant for such check, was to deliver the proceeds thereof